# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 14, 1927.

JAMES R. WEER, ET AL.,

VS.

GEORGE W. PAGE, THE BANK COMMISSIONER OF THE STATE OF MARYLAND.

*Maloy, Brady, Howell & Yost* for complainants.

*Thomas H. Robinson*, Attorney-General, and *Herbert Levy*, Assistant Attorney-General, for defendant.

STANTON, J. (Orally)—

Gentlemen, I have read the cases cited on the briefs and I find a great many of those cases are cases in which courts are dealing with a review on an appeal of the action of a banking commission or official, by reason of the fact that the law of the particular State provided for a review or appeal from

either the banking commission or the banking commissioner, whichever was the proper official dealing with the banking affairs of that State. So in this State the Legislature has delegated certain administrative functions to various commissions and boards, and wherever and whenever it was intended to have their action reviewed by the courts on appeal, such an appeal was authorized and the machinery provided to effectuate it. This is illustrated in the appeals from the Workmen's Compensation Commission, where also is authorized certiorari to review the records controlling action in specified matters, and in the appeals from the Public Service Commission, and the Board of Motion Picture Censors and the Automobile Commissioner. There is no appeal authorized in the State Banking Act to review the action of the State Bank Commissioner.

Plaintiffs contend, however, that although no appeal is provided in law, nevertheless, the action of the Bank Commissioner is subject to review under the general power in the court of equity to review and correct any unlawful action by an administrative official. A court of equity can and does review the action of the Public Service Commission because the statute expressly so provides. Even then the Court cannot substitute its judgment for the judgment of the Commission, but can only say whether the order passed is either unlawful or unreasonable, and it passes on the record made before the Commission in such a case, and never affords a new hearing or proceeding.

The bill of complaint discloses that what was done by the Bank Commissioner in this case is only such action as he is authorized and directed to do by the very terms of the law itself. And the endorsement on the application "Refused" is a strict compliance with the requirements of the law when he passes adversely on any application. But, say the plaintiffs, his action was unlawful, unreasonable and arbitrary because the plaintiffs were not given a hearing before the Bank Commissioner passed upon the application. The law does not say that a hearing shall be held, but does direct what the Bank Commissioner shall do in passing upon an application. The plaintiffs allege that he acted arbitrarily, but do not say wherein he has acted arbitrarily, except to refuse to permit a State bank in Sykesville, although Mount Airy and other communities nearby have two banks, one of which is a State bank. This Court is of the opinion that a decision of this character is lawful, for the Bank Commissioner must determine whether the public convenience and advantage will be promoted by allowing any proposed corporation to engage in business in a given locality, and unless he acts fraudulently or corruptly, his decision cannot be set aside. If he acts fraudulently or corruptly, then it is not within the jurisdiction of a court of equity to review his proceedings, but for some other jurisdiction to determine and correct.

We have many instances in our legislation where the right to appeal or review the action of an administrative board or an official has been expressly declared by the Legislature when it deemed it advisable so to do. It is not a violent inference to conclude that no Court was authorized to review the action of the State Bank Commissioner as to its reasonableness or otherwise, because none was intended.

The demurrer will be sustained and the bill of complaint will be dismissed.